Willy Carl LYONS, Plaintiff—Appellee,

v.

D. BAUGHMAN, Defendant—Appellant,

and

S.L. Hubbard; et al., Defendants.

No. 04–15797.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided March 3, 2005.

Shelby K. Pasarell, Esq., Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, for Plaintiff–Appellee.

Willie Carl Lyons, Represa, CA, pro se.

Kelli M. Hammond, Esq., James E. Flynn, Esq., Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Defendant–Appellant.

Before: D.W. NELSON, W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM *

Lyons brought this § 1983 action in the district court alleging that various prison officials violated his Eighth Amendment rights by failing to protect him from harm. The district court granted summary judgment to all defendants except Baughman,

to whom the court denied qualified immunity. Baughman filed this interlocutory appeal. We have jurisdiction to review only the denial of summary judgment to Baughman, and we must construe all disputed facts in Lyons' favor.[1] *See Jeffers v. Gomez,* 267 F.3d 895, 903 (9th Cir.2001).

The Eighth Amendment imposes a duty on prison officials to protect inmates from harm at the hands of other inmates. *See Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under *Farmer,* once an official becomes subjectively aware of a serious risk of harm to an inmate, the official violates the inmate's Eighth Amendment rights if he disregards that risk. *Id.* at 837, 114 S.Ct. 1970; *see also Estate of Ford v. Ramirez–Palmer,* 301 F.3d 1043, 1050 (9th Cir.2002) (stating that an officer would violate the Eighth Amendment if he knew that an inmate was acting out dangerously with cellmates or otherwise posed a threat but housed another inmate in the same cell anyway); *Berg v. Kincheloe,* 794 F.2d 457 (9th Cir. 1986) (holding that a prison official showed deliberate indifference by forcing a prisoner to leave protective custody over protestations that his life would be in danger if he did). The facts alleged in this case establish that Baughman knew that Lyons faced a serious risk that members of Lyons' gang would harm him after he, at Baughman's direction, wrongly assured the gang members that they would not be assaulted on the morning of September 27, 1996. Baughman then disregarded this risk by failing to document what had happened, and the resulting risk, as required by prison policy. Had Baughman reported the nature of, and reason for, the risk that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The magistrate judge found that Lyons could not recover damages (as opposed to injunctive relief) from Baughman because his claim did not meet the heightened causation standard set out in *Leer v. Murphy,* 844 F.2d 628, 633–34 (9th Cir.1988). We do not have jurisdiction in this interlocutory appeal to review this finding.

he knew Lyons faced, prison officials reviewing Lyons' file immediately following the incident and thereafter may well have understood and credited Lyons' fears, and therefore maintained him in protective custody. By failing to document this risk, Baughman showed deliberate indifference to Lyons' safety in violation of his Eighth Amendment rights. Baughman thus fails the first prong of qualified immunity analysis. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

By allegedly failing to follow prison policy and report a known risk of harm to Lyons, Baughman also violated clearly established law. *See Brosseau v. Haugen*, ── U.S. ──, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004). The dispositive question for this second prong of qualified immunity analysis is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151. Baughman's attorney conceded at oral argument that prison policy required an officer who knew that an inmate might be in danger to report the known risk. Any reasonable officer would have known that he acted unlawfully by disregarding this prison policy.

The district court's denial of qualified immunity is AFFIRMED.